## 11784

### STATE v. TERRELL

(128 S. E., 409)

1. INTOXICATING LIQUORS—EVIDENCE HELD TO SUSTAIN CONVICTION FOR UNLAWFUL POSSESSION.—Evidence *held* to sustain conviction for unlawfully receiving, accepting and having in possession for unlawful use alcoholic liquors.

2. CRIMINAL LAW—ERROR CANNOT BE PREDICATED ON FAILURE TO CHARGE IN MANNER NOT REQUESTED.—Error cannot be predicated on Court's failure to charge in a manner not requested.

Before RICE, J., Pickens, February, 1925. Appeal dismissed.

Green Terrell was convicted of receiving, accepting and having in possession for unlawful use alcoholic liquors, and he appeals.

*Messrs. Carey, Christopner & Chapman,* for appellant, cite: *Circumstantial evidence:* 116 S. C., 282; 126 S. E., 765; 66 S. C., 394; 56 S. C., 524; 95 S. C., 387.

*Mr. Jos. G. Leatherwood, Solicitor,* for the State.

June 10, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"The State of South Caraolina charged the appellant with various violations of the liquor laws, and the presiding Judge struck from the indictment all of the offenses charged except the second count thereof, which charged the defendant with receiving and accepting and having in possession for unlawful use alcoholic liquors, and said case proceeded to trial at the February term of Court for Pickens County before his Honor, Judge Hayne F. Rice, and the jury returned a verdict of guilty as to the second count in the indictment, and the appellant was sentenced by the Court to serve eight months upon the public works of Pickens County or in the State penitentiary."

The defendant appealed upon exceptions, the first of which is as follows:

"(1) Because the Circuit Judge erred in not granting a new trial on the second ground of the motion therefor; there being no testimony in said case upon which to base a conviction of the defendant."

The second ground of the motion for a new trial was as follows: "Because the verdict is contrary to the law." The Court then said:

"I think I will let it stand, gentlemen. If it was simply the liquor out there in the yard or around the premises hidden around, it might be a different proposition, but these officers testified they found two jugs and both had had liquor in them, and I think, when you couple the two together, the liquor in the yard and empty jugs in the house smelling of whiskey, and this being the defendant's house, these being his premises that he was in charge of, I think the jury was justified in convicting him, and I will let it stand. The Supreme Court may set it aside."

These reasons show that this ground of the motion for a new trial was properly overruled.

The second exception is as follows:

"(2) Because the Circuit Judge, when he undertook to charge the rule as to circumstantial evidence, erred in not charging the true rule as follows: 'That the circumstances must be proved to the entire satisfaction of the jury, and, when these circumstances are so established, they must point conclusively to the guilt of the defendant, and must be inconsistent with any other reasonable hypothesis.' "

A sufficient reason for overruling this exception is that there was no request to charge the proposition of law therein mentioned.

The third exception is as follows:

(3) "Because the Circuit Judge erred in charging as follows: 'Now, has the State satisfied you of the truth of this

charge, that he had this liquor in his possession? She has got to carry to your minds a conviction of the truth of the charge, and she can do that by circumstantial evidence, or by direct and positive evidence, and it is just as much your business, gentlemen, and your duty, to convict upon circumstantial evidence as it is upon direct and positive evidence, but that circumstantial evidence must be of such a nature as carries conviction to your minds of the guilt of the defendant. If it does not do that, then it does not measure up to the standard of the law and your verdict would have to be not guilty. It is not a question of whether or not it will carry to your minds as great a degree of conviction as positive evidence would, but does it carry to your mind a conviction. You may not be as well satisfied with the evidence as you would be with direct or positive evidence, but if it convinces you beyond a reasonable doubt of the guilt of the defendant, then it is your business to return a verdict of guilty,' when the Circuit Judge should have charged the true rules as to circumstantial evidence which are as follows: (1) The circumstances from which the conclusion is drawn should be fully established. (2) All the facts should be consistent with the hypothesis. (3) The circumstances should be of a conclusive nature and tendency. (4) The circumstances should to a moral certainty actually exclude every hypothesis but the one proposed to be proved."

For a similar reason to that assigned in overruling the second exception, this exception is likewise overruled. Furthermore the exception violates rule 6 of the Supreme Court.

The fourth exception is as follows:

(4) "Because the Circuit Judge erred in charging the jury as follows: 'As I said before, you cannot convict a man on suspicion; the State must furnish proof to convict, but she can furnish it by direct and positive evidence or by circumstantial evidence either. When she has done either in a degree or to an amount which would carry conviction to your minds, then you would have to return a verdict of

guilty,' in that the said Judge did not fully disclose the rules relating to circumstantial evidence, and the said charge was erroneous on account thereof."

This exception does not assign error in what was charged, but in what his Honor the presiding Judge failed to charge, without a request to that effect. It is therefore overruled.

Appeal dismissed.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE WATTS: I dissent. I think that the evidence was not sufficient to convict.